# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-97-036-04** |
| | § | |
| **MARVIN EARL GAINES** | § | |

## ORDER

Defendant Marvin Earl Gaines has filed a motion seeking reconsideration [Doc. # 1667] of the Court's ruling [Doc. # 1649] on his motion for modification of his sentence of incarceration [Doc. # 1608] pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(2) as altered by the Retroactivity of Crack Cocaine Amendment, which became effective March 3, 2008.[1] The Court has carefully reviewed Defendant's Motion for Reconsideration, all the pertinent orders, motions and other matters of record, as well as the applicable law and U.S.S.G. provisions. Defendant's requested relief must be denied because it is not authorized by law.

---

[1]     The Court notes that it has carefully considered the arguments in "Defendant's Supplemental Motion pursuant to his 18 U.S.C. 3582(c)(2) Motion" [Doc. # ____], a courtesy copy of which was received by the undersigned on May 9, 2008, but was not formally filed in the docket of this case.  Mailing a pleading to a judge is not the equivalent of "filing." Nevertheless, the Court has now docketed this document and considered its contents.

P:\ORDERS\1-CRIMIN\1995-2000 cases\97-036-04 crack amendment.recon.wpd   090417.1019

Count 1 in the indictment in this case charged Defendant (and many others) with conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).  Significantly, the Government filed a statutory enhancement pursuant to 21 U.S.C. § 851 against Defendant. The § 851 statutory enhancement increased Defendant's *minimum* term of imprisonment for Count 1 to 240 months.  After Defendant's guilty plea to Count 1, the Court was required to and did sentence him to the minimum permitted sentence, 240 months of imprisonment. 21 U.S.C. § 841(b)(1)(A).  Defendant is currently serving that sentence.[2]

The requirements of §§ 841 and 851 override the U.S.S.G. calculations on which Defendant relies for his argument for a sentence adjustment.[3]  In its Order filed October 14, 2008 [Doc. # 1649], the Court considered all the issues raised in Defendant's motion for reconsideration.  As the Court stated there, no relief is available under the Retroactive Amendment, despite what Defendant and many others

---

[2]     Defendant points out that the prior drug conviction on which the § 851 enhancement was based was for what appears to be a relatively minor 1989 drug offense, the delivery of a single $20 rock of cocaine to an undercover agent.  The circumstances of this conviction – which has been final for many years –  are unclear and are well beyond the scope of this Court's authority to consider.  It is noted that Defendant received a 40 year sentence of imprisonment and a $5,000 fine.

[3]     Under the retroactive amendments to U.S.S.G. § 2D1.1, applying all the same adjustments as in the original sentencing, the guideline imprisonment range is 108 to 135 months.  By law, however, the Court cannot reduce Defendant's sentence because the Court is bound to follow the drug statutes that indisputably apply to his case.

would consider extremely harsh  punishment for the crimes Defendant committed. Defendant's arguments for leniency, while possibly persuasive on an individualized level, simply do not support a change of his sentence because the law when Defendant was convicted — as it does now — required that he receive at least 240 months incarceration for his offense of conviction in this case.

It is therefore

**ORDERED** that Defendant Marvin Earl Gaines's Motion for Reconsideration [Doc. # 1667] is **DENIED**.

**SIGNED** at Houston, Texas this 17th day of **April, 2009**.

Nancy F. Atlas
United States District Judge